IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID L. and CHRISTINE G. RHOADS, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOANS SERVICING, LP, et al. <br><br> Defendants. | ORDER and <br> MEMORANDUM DECISION <br><br><br> Case No. 2:11-CV-0026-TC <br><br> Judge Tena Campebll |

David and Christine Rhoads brought suit against Defendants challenging Defendants' authority to foreclose the trust deed. Defendants have moved to dismiss the complaint for failure to state a claim. Based on the stipulation of counsel for Mr. and Mrs. Rhoads, the court DISMISSES their cause of action for breach of contract. And on the remaining causes of action, the court agrees with Defendants and GRANTS Defendants' motion to dismiss.

**BACKGROUND**

In August 2006, Mr. and Mrs. Rhoads obtained financing from America's Wholesale Lender (AWL) for the purchase of property in Summit County, Utah, which they secured with a trust deed on that property. On August 31, 2009, Mortgage Electronic Registration Systems (MERS) recorded an assignment of deed of trust in the Summit County Recorder's Office, assigning the deed of trust to BAC Home Loans Servicing, LP (BAC). And on the same day, BAC recorded a substitution of trustee in the Summit County Recorder's Office, appointing

ReconTrust Company, N.A. (ReconTrust) as substitute trustee.

On August 31, 2009, after Mr. and Mrs. Rhoads failed to make payments on the loan, ReconTrust recorded a notice of default. Mr. and Mrs. Rhoads initiated this lawsuit on December 13, 2010, challenging Defendants' authority to foreclose the trust deed. The complaint alleges six causes of action: breach of contract; breach of the covenant of good faith and fair dealing; intentional or negligent misrepresentation; violation of the Utah Consumer Sales Practice Act (Sales Act) and the Utah Truth in Advertising Act (Advertising Act); quiet title; and declaratory and injunctive relief.

## STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570. Stating a claim under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at

555).

## ANALYSIS

Mr. and Mrs. Rhoads's six causes of action are based on the allegation that Defendants have not shown that they have authority to foreclose on the trust deed. This argument must be rejected.

This court and others in this district have universally held that MERS has the authority to foreclose on behalf of a lender. See, e.g., Burnett v. Mortgage Electronic Registration Systems, Inc., No. 1:09-cv-69, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009); Rodeback v. Utah Financial, No. 1:09-cv-134, 2010 WL 2757243, at *4 (D. Utah July 13, 2010). Although Mr. and Mrs. Rhoads do not challenge MERS's authority to foreclose on behalf of a lender or to assign its beneficial interest generally, they do question whether MERS in fact had such authority at every step of the assignment in this case.

The trust deed, referenced in Mr. and Mrs. Rhoads's complaint and attached to Defendants' motion to dismiss, makes clear that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."(Trust Deed, Ex. 2 to Mem. in Supp. [Dkt. No. 15] at 2 (emphasis added).) The trust deed further identifies MERS as the "beneficiary under this instrument." (Id.) Because MERS was acting as the nominee for the lender, AWL, and its successors and assigns, MERS had the authority to assign the trust deed to BAC, which in turn had the authority to appoint ReconTrust as a substitute trustee.

Accordingly, Mr. and Mrs. Rhoads's quiet title and declaratory and injunctive relief causes of action fail to state a claim. And to the extent their other causes of actions are based on this theory, they fail as well. Mr. and Mrs. Rhoads have also plead alternative causes of action

and raised alternative bases for some of the cause of actions that were based on Defendants' alleged lack of authority. As discussed below, each of these must be dismissed.

**Breach of Good Faith and Fair Dealing**

Mr. and Mrs. Rhoads allege that Defendants breached the implied duty of good faith and fair dealing by failing to present evidence of their authority to foreclose the trust deed. As discussed above, this argument fails. In their complaint, Mr. and Mrs. Rhoads also allege that Defendants acted unreasonably in taking more than six months to evaluate short sale offers. But this was not alleged as a basis of Defendants' breach of the implied covenant of good faith and fair dealing. Even if it were, the cause of action would fail.

"Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract." Eggett v. Wasatch Energy Corp., 2004 UT 28, ¶ 14, 94 P.3d 193. Mr. and Mrs. Rhoads contracted for the financing necessary to purchase a home in Summit County, which they received. It is a far stretch to say that Defendants had an obligation once Mr. and Mrs. Rhoads defaulted to help them cure their default. Defendants' actions in evaluating the short sale offers did not injure Mr. and Mrs. Rhoads's right to receive the benefits of the contract -- the financing that they had already received and utilized. Accordingly, Mr. and Mrs. Rhoads's breach of good faith and fair dealing cause of action fails to state a claim, even when considering their alternative allegations.

**Intentional and Negligent Misrepresentation**

In their complaint, Mr. and Mrs. Rhoads allege that Defendants misrepresented who the holder of the note was. As discussed above, this argument fails. Mr. and Mrs. Rhoads also allege

that an unnamed mortgage broker misstated their income on their application and asked them to sign a second document, which allegedly contained a higher interest rate. Even if considered as the basis of the intentional and negligent misrepresentation cause of action, Mr. and Mrs. Rhoads have failed to allege any misrepresentation made by Defendants.

**Utah Consumer Protection Statutes**

Mr. and Mrs. Rhoads allege that Defendants violated Utah's Sales Act and Advertising Act. By their own terms, these Acts do not apply to practices permitted and governed by federal or state law. See Utah Code Ann. §§ 13-11-22(1)(a), (d); 13-11a-5. In this case, the Truth in Lending Act and the Real Estate Settlement Procedures Act preempt the Sales Act. See Rhodes v. Wells Fargo Home Mortgage, No. 2:10-cv-393, 2010 WL 3222414, at *4 (D. Utah Aug. 16, 2101); Burnett v. Mortgage Electronic Registration Systems, Inc., No. 1:09-cv-69, 2009 WL 3582294, at *5 (D. Utah Oct. 27, 2009). And the Advertising Act is inapplicable.[1] See Proctor & Gamble Co. v. Haugen, 947 F. Supp. 1551, 1555 (D. Utah 1996) (finding the purpose of the Advertising Act is "to prevent deceptive, misleading, and false advertising practices and forms in Utah" (emphasis added)).

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. No. 14) is GRANTED. Accordingly, the court directs the Clerk of the Court to close the case.

---

[1] Even if the Advertising Act were applicable, Mr. and Mrs. Rhoads have not alleged that they gave notice to Defendants before filing this lawsuit, as required by the Act. Proctor & Gamble Co. v. Haugen, 947 F. Supp. 1551, 1555 (D. Utah 1996).

SO ORDERED this 5th day of May, 2011.

BY THE COURT:

/s/ Tena Campbell
TENA CAMPBELL
United States District Judge